FRANK, Acting Chief Judge.
After Stanley Britt and his wife won a personal injury judgment against Stone-Rich Properties, they sued for a writ of garnishment against Suncoast Autobuilders, Inc., contending that their entitlement derived from Suncoast’s agreement to indemnify Stone-Rich. Suncoast had contracted with Stone-Rich to design and build an automobile dealership, Brandon Honda, and their contract included an indemnity clause. The clause, however, expressed specifically that the indemnity was limited to the extent of insurance coverage. Because the insurance coverage was the subject of litigation at the time of this garnishment proceeding, Sun-coast’s obligations to the Britts were contingent and uncertain, and the trial court erred by issuing prematurely a writ of garnishment against Suncoast. Accordingly, we reverse.
The indemnity contract between Suncoast and Stone-Rich provided as follows:
The Contractor shall indemnify and hold the Owner harmless from all claims, damages, losses and expenses, including attorney fees which arise out of the performance of the work hereunder, including but not limited to bodily injury, death, damage to property, and claims of nonpayment by subcontractors, laborers, and suppliers under this contract.
This indemnity applies to any negligent act or omission of the Contractor, and subcontractor, employee, or other person employed by the Contractor or independent subcontractors to perform any part of this Agreement. This indemnity also applies to nonpayment of labor and materials.
Ten dollars of the sums payable hereunder is specific consideration for this indemnity. Except for the indemnity of nonpayment of material and labor claims, the indemnity hereunder is limited to the extent of insurance coverage.
The Britts, in their personal injury action, had obtained a default against Stone-Rich. In the ensuing jury trial on damages they were awarded the sum of $742,500.00, with interest of 8% per annum, on January 30, 1995. The Britts then moved for a writ of garnishment after judgment against Sun-coast, on the theory that Suncoast was indebted to Stone-Rich and that Suncoast’s insurance policy indemnified Stone-Rich. The Britts moved for summary judgment in the garnishment action, alleging that Sun-coast’s president, Strickland, stated in his deposition that the indemnity agreement between Suncoast and Stone-Rich would cover the Britts’ judgment.
At the summary judgment hearing all parties and the trial court were aware that Suncoast’s insurer, Auto-Owners, had asserted a coverage defense in this dispute, apparently based upon lack of notice from Sun-coast. The existence of a dispute concerning insurance coverage was reflected in Sun-coast’s response to requests for admissions. Because the indemnity agreement was limited to the “extent of insurance coverage,” and because Auto-Owners had asserted lack of coverage for this particular incident, Sun-coast’s position has been that the Britts have no garnishment rights against it, at least until the insurance coverage, issue is resolved. Suneoast’s point is well taken.
In a similar case, In the Matter of Armando Gerstel, Inc., 43 B.R. 925 (Bankr.S.D.Fla.1984), affirmed in part, reversed in part on other grounds, 65 B.R. 602 (S.D.Fla.1986), the owner of a jewelry business, Ger-stel, was the victim of a robbery and made a claim under his policy with Jewelers Mutual Insurance Company. Jewelers denied the claim on several grounds. While the issue of insurance coverage was being litigated, Ger-stel’s judgment creditor, Rosen, served a writ of garnishment against Jewelers. At the critical point between the time that Ro- *842 sen served its writ upon Jewelers and Jewelers answered by denying any indebtedness, no “debt due” from Jewelers to Gerstel existed under the insurance policy. Rather, all that existed was a contingent and unliquidat-ed claim by Gerstel against Jewelers, which was the subject of an existing lawsuit. As stated in Gerstel, “Florida law requires that the obligation from the garnishee to the primary debtor, in order to be subjected to garnishment, not be contingent or uncertain.” 43 B.R. at 933.
Because of the unsettled nature of Suneoast’s insurance coverage, genuine issues of material fact remain to preclude summary judgment in this case. Accordingly, we reverse the final summary judgment and remand for further proceedings.
Reversed and remanded.
PATTERSON and WHATLEY, JJ., concur.